UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO:** 4:05CV-00002-M

**INTERNATIONAL UNION OF OPERATING**
**ENGINEERS, LOCAL 181, ET AL.**                                    **PLAINTIFFS**

**V.**

**DAVIS & BURTON CONTRACTORS, INC.**                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiffs, International Union of Operating Engineers, Local 181, et al., for entry of default judgment against the Defendant, Davis & Burton Contractors, Inc. [DN 5] pursuant to Rule 55 of the Federal Rules of Civil Procedure for failure to appear or file a responsive pleading. This matter is also before the Court on a motion by the Defendant for entry of an order permitting the late filing of an answer [DN 6]. For the reasons set forth below, the Plaintiffs' motion for default judgment is **denied** and the Defendant's motion for leave to file late answer is **granted**.

### MOTION FOR DEFAULT JUDGMENT

Plaintiff filed a motion for default judgment against the Defendant because the record shows that Defendant was served with summons on January 18th, 2005, but did not serve an answer within twenty days as required by Fed. R. Civ. P. 12(1)(A). Under Fed. R. Civ. P. 55, a party who fails to plead or otherwise defend a claim against them may have a default judgment entered against them by the Court. In United Coin Meter

Co., Inc. v. Seaboard Coastline RR, 705 F.2d 839, 845 (6th Cir. 1983), the Sixth Circuit enumerated three factors that should be considered in deciding whether to set aside a previously entered entry of default. While no entry of default has been entered here, these factors are helpful in determining whether to enter default judgment in the first place. The Court must consider (1) "[w]hether the plaintiff will be prejudiced; (2) [w]hether the defendant has a meritorious defense; and (3) [w]hether culpable conduct of the defendant led to the default." United Coin Meter, 705 F.2d at 845.

As to the first factor, there is no evidence that the Plaintiffs will be prejudiced. As this case is in its infancy, Plaintiffs have not and will not be prejudiced by the delay. See INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391 at 398.

Secondly, the Defendant has a meritorious defense. A meritorious defense has been advanced if a defendant asserts any defense that is good at law. United Coin Meter, 705 F.2d at 845. Plaintiffs filed their complaint against the Defendant alleging a failure to make necessary deductions and payments to the Plaintiffs on behalf of Defendant's employees represented by the Plaintiffs, pursuant to the parties' Kentucky Heavy Highway, Heavy, and Railroad Construction agreements.

In its proposed answer to the complaint, the Defendant has alleged that the Plaintiffs failed to exhaust all union grievance procedures under the Labor Management Relations Act of 1947, 29 U.S.C. § 186 *et seq*, and that the Plaintiffs failed to exhaust all of the procedural remedies under the parties' collective bargaining agreement. In addition, the Defendant raises a counterclaim that it in fact made contributions in excess

of the amount required under the parties' collective bargaining agreement, for which the Plaintiffs owe it reimbursement. These defenses are good at law and should be considered meritorious.

Finally, there is no evidence that the Defendant willfully avoided answering the complaint. For a defendant to be thought of as culpable, it "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." United Coin Meter, 705 F.2d at 399 (quoting Shepard Claims Service, Inc. v. William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986)). It appears that the failure to answer the summons was an honest mistake on the part of an employee of the Defendant's who did not understand the significance of the summons. There is nothing to suggest that the Defendant intentionally evaded the summons in order to thwart the proceedings.

## MOTION FOR LEAVE TO FILE LATE ANSWER

The Defendant has moved for the Court to grant its motion to file a late answer and accept its Answer filed as Exhibit A to its motion. According to Fed. R. Civ. P. (6)(b)(2), when an act is required under the FRCP to be done within a specific time, such as the twenty days for responsive pleadings at issue here, the court may "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Determining what sort of neglect will be considered excusable here includes determining the prejudice to the Plaintiff, the impact of the delay on judicial proceedings,

the reason for the delay, including whether it was within the Defendant's reasonable control, and whether the Defendant acted in good faith. <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993) (applying its conclusions regarding excusable neglect and Rule 9006 of the Federal Rules of Bankruptcy Procedure to Rule 6(b) of the Federal Rules of Civil Procedure).

The Plaintiff has not been prejudiced by the Defendant's delay in filing an answer because discovery has not yet begun. For this same reason, there has been no adverse impact on the judicial proceedings. The delay was the result of a mistake by an employee who did not appreciate the significance of the summons, and was not willful or done in bad faith.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. The motion by Plaintiffs for default judgment [DN 5] is **denied**.

2. The motion by Defendant for entry of an order permitting the late filing of an answer [DN 6] is **granted**. The Clerk of the Court shall file the answer of the Defendant in the record.

*Joseph H. McKinley*
Joseph H. McKinley, Jr., Judge
United States District Court

June 24, 2005

cc: counsel of record